LUMAN W. JOHNSON, Inc., v. WILSON et al. (Supreme Court, Appellate Division, First Department. May 5, 1911.) Appeal from Trial Term, New York County. Action by Luman W. Johnson, Incorporated, against Isaac Wilson and another, copartners, comprising the firm of the Rockaway Wilson Company. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed. Max D. Steuer, for appellants. Henry B. Johnson, for respondent.

PER CURIAM. Judgment and order affirmed, with costs.

INGRAHAM, J. (dissenting). I do not concur in the affirmance of this judgment. Plaintiff's right to recover was based upon his procuring a purchaser of certain property in the Bronx, which deal subsequently the defendants refused to complete. The plaintiff did procure a person who was willing to convey a certain hotel property in Ulster county for this Bronx property, and such purchaser made a contract, not with the defendants, but with one Heller, to make the exchange. The vice pres-

ident of the plaintiff testified that Heller stated that 'he was acting for the defendants. This testimony was objected to, upon the ground that the plaintiff could not prove Heller's authority by Heller's declarations. It seems that, when this testimony was offered, it was clearly incompetent, as there was then no evidence at all of any authority for Heller to act for the defendants. The same witness subsequently testified that at a subsequent meeting he asked one of the defendants if 'he knew what Mr. Heller was doing in the matter, and if he knew there was a commission of $1,500 involved in the exchange, to be paid to the plaintiff, to which defendant said he did, and this defendant further said it was not necessary for the plaintiff's vice president to go over the entire transaction, and that Mr. Heller had explained the nature of the deal, and whatever Mr. Heller said and did was all right. There is no satisfactory evidence that the defendants ever authorized Heller to execute any such contract as he did execute; and this general statement of the defendants in relation to Heller's authority I do not think was sufficient to bind the defendants to pay commissions for a contract made with Heller, and not with the defendants, and which the defendants could not have enforced, and in which, so far as appears, the defendants had no interest. The plaintiff, however, was engaged as a real estate broker to represent Heller in the negotiations for the exchange of certain real property. Heller and the customer plaintiff produced executed a contract for the exchange of this property. This contract was made personally with Heller, and it was there provided that a commission of $1,500 was to be paid by Heller at the time of the closing, and it was also understood that there was to be no commission paid by the other party to the transaction. Notwithstanding this express provision in the contract, the plaintiff made an agreement with the purchaser produced by it, by which it was to be paid a commission of $850, to be taken out of the rent of the property conveyed to plaintiff's customer. It seems to me that this was clearly a fraud upon Heller, which would prevent plaintiff from recovering any commission from either the defendants or Heller. I therefore dissent.

McADAM, Appellant, v. NEW YORK CENT. & H. R. R. CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. May 3, 1911.) Action by Alexander McAdam against the New York Central & Hudson River Railroad Company. No opinion. Judgment and order affirmed, with costs.